UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EDGAR DIAZ PAZ,<br><br>Defendant. | Case No. 12-CR-00670-LHK-2<br><br>**ORDER DENYING COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 481 |

Defendant Edgar Diaz Paz ("Defendant") is currently in the custody of the Bureau of Prisons ("BOP") and incarcerated at the Fort Worth Federal Medical Center ("Fort Worth FMC"). Defendant moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), also known as compassionate release. ECF No. 481. The government opposes the motion. ECF No. 482. For the reasons set forth below, the Court DENIES Defendant's motion.

I.      **LEGAL STANDARD**

18 U.S.C. § 3582(c) allows a court to modify a defendant's "term of imprisonment . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion on his behalf, or after "the lapse of

30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The statute governing motions for sentence reductions, 18 U.S.C. § 3581(c)(1)(A), requires that courts "consider[] the factors set forth in section 3553(a)." Those factors include, among other things, the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed medical care in the most effective manner; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

"[A]fter considering the factors set forth in § 3553(a) to the extent applicable," a court may grant the motion to reduce the defendant's sentence in two circumstances. As relevant here, a court may reduce a defendant's sentence if it finds "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A). The relevant Sentencing Commission policy statement enumerates several "extraordinary and compelling reasons." U.S. Sentencing Guidelines ("U.S.S.G") § 1B1.13(1)(A) & cmt. 1. A defendant fulfills one of the enumerated reasons when the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id*. § 1B1.13 cmt. 1(A)(ii). The Commission also requires that the defendant not pose a danger to the safety of the community. *Id*. § 1B1.13(2).

## II. DISCUSSION

In analyzing whether a defendant is entitled to compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), courts determine whether a defendant has satisfied three requirements. First, a defendant must exhaust his administrative remedies. Second, a defendant must establish that the

§ 3553(a) sentencing factors "are consistent with" granting a motion for compassionate release. *United States v. Trent*, 2020 WL 1812242, at *2 (N.D. Cal. Apr. 9, 2020). Third, a defendant must demonstrate that "extraordinary and compelling reasons"—as defined by the applicable Sentencing Commission policy statement—"warrant . . . a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

Here, the government concedes that Defendant has exhausted his administrative remedies and therefore satisfies the first requirement under Section 3582. ECF No. 482 at 3. Thus, only the second two requirements are at issue in the instant case.

### A. Defendant fails to demonstrate extraordinary and compelling reasons justifying compassionate release.

At the time of Defendant's sentencing on October 7, 2015, Defendant was 37 years old. Presentence Investigation Report ("PSR") ¶ 76, ECF No. 361. Defendant's PSR states that Defendant has suffered from severe epilepsy his entire life. *Id.* Defendant reported at the time of sentencing that he had no history of mental or emotional health issues, but indicated that counseling or therapy would be helpful to manage the depression stemming from the instant federal criminal case as well as the parole violation in his state court case. *Id.* ¶ 78.

Defendant's current age of 43 does not place him in a high-risk age group for severe COVID-19 illness, and Defendant does not contend otherwise. ECF No. 481.

Instead, Defendant contends that his epilepsy and "mental health issues" (specifically, "severe anxiety") place him at higher risk of serious illness or death from COVID-19. *Id.* The Court addresses each in turn.

Epilepsy is not recognized by the Centers for Disease Control ("CDC") as an underlying medical condition that increases or may increase a person's risk of severe illness from COVID-19. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 29, 2021). In its opposition to Defendant's motion, the government cites a fact sheet on the Epilepsy Foundation's website which states that "[t]here is no evidence that people with epilepsy alone

3

Case No. 12-CR-00670-LHK-2
ORDER DENYING COMPASSIONATE RELEASE

have a weakened immune system. They should not be considered 'immunocompromised' and would not have an 'immune deficiency' from having seizures." *COVID-19 and Epilepsy,* Epilepsy Foundation, https://www.epilepsy.com/learn/covid-19-and-epilepsy?gclid=EAIaIQobChMI9s7nz_3V7gIVVfbjBx3FIQp9EAAYASAAEgIESfD_BwE (last visited March 30, 2021). Thus, the relevant medical literature does not support Defendant's claim that his epilepsy places him at higher risk of serious illness or death if he were to contract COVID-19.

Similarly, anxiety is not recognized by the CDC as an underlying medical condition that increases or may increase a person's risk of severe illness from COVID-19. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited March 29, 2021). Moreover, Defendant's PSR and BOP do not indicate that Defendant has anxiety. At the time of his October 7, 2015 sentencing, Defendant reported that he had no history of mental or emotional health issues. PSR ¶ 78. Likewise, in a BOP Psychology Services Inmate Questionnaire dated April 3, 2020, Defendant circled "no" in response to the questions "Have you ever suffered from or received treatment for a mental illness?"; "Are you currently: tense, nervous, anxious?"; and "Do you wish to see a mental health provider while at this facility?" ECF No. 483 Exh. 5 at 107 (Bates No. BOP000113).

At the time of Defendant's motion and the government's opposition, Defendant was being housed at Correctional Institution Reeves I & II in Pecos, Texas. ECF No. 481 at 5; ECF No. 482 at 2. However, as of the date of this order, Defendant is located at FMC Fort Worth. *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited March 31, 2021). FMC Fort Worth currently has zero active cases of COVID-19 among inmates and two active cases of COVID-19 among staff. *See* https://www.bop.gov/coronavirus (last visited March 31, 2021). Furthermore, FMC Fort Worth is administering the vaccine to willing staff members and inmates. *Id.* As of the date of this order, 194 staff members and 739 inmates at FMC Fort Worth have completed their full COVID-19 inoculations. *Id.*

4
Case No. 12-CR-00670-LHK-2
ORDER DENYING COMPASSIONATE RELEASE

Defendant, who is 43 years old and is not suffering from a condition that increases his risk of severe illness or death from COVID-19 according to the CDC, has failed to demonstrate extraordinary and compelling reasons justifying compassionate release.

**B. The Section 3553(a) factors do not warrant sentence reduction in the instant case.**

The Court also denies Defendant's motion for compassionate release for another independent reason: "the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A). Those factors include, among other things, the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed medical care in the most effective manner; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

On March 11, 2015, Defendant pleaded guilty to conspiracy to distribute 50 grams or more of methamphetamine, in violation of 18 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(viii). *See* Minute Entry from Change of Plea Hearing, ECF No. 291; Plea Agreement, ECF No. 294. On October 7, 2015, the Court sentenced Defendant to 120 months imprisonment to be followed by five years of supervised release. ECF No. 398. By statute, the mandatory minimum term of imprisonment for Defendant's conviction was 120 months. PSR ¶ 92. Defendant has been in federal custody since September 13, 2013. *Id.* ¶ 9. Assuming Defendant qualifies for good time credits, Defendant's projected release date is March 22, 2022. *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited March 31, 2021).

Notably, the criminal conduct for which Defendant pleaded guilty took place while Defendant was on parole for a separate, violent offense. In September 2012, Defendant was convicted of conspiracy to commit assault with a deadly weapon in Santa Clara County Superior Court. PSR ¶ 60. This conviction was extremely serious and resulted in the shooting and death of a member of a large methamphetamine trafficking organization. *Id.* For his involvement in this

violent offense, Defendant was sentenced to a four-year custodial sentence, which was deemed served, and paroled on September 7, 2012. *Id.* Defendant committed the instant offense shortly after being paroled. In Defendant's plea agreement in the instant case, Defendant admits to providing a sample of methamphetamine to an undercover officer on March 29, 2013, less than seven months after being paroled for the earlier offense. Plea Agreement at 3. Defendant further admits to delivering approximately 495 grams of methamphetamine to a buyer on April 16, 2013, less than eight months after being paroled for the earlier offense. *Id.*

Given Defendant's criminal conduct, the Court finds that granting Defendant's motion for compassionate release would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct as required by 18 U.S.C. § 3553(a).

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion for compassionate release.

**IT IS SO ORDERED.**

Dated: March 31, 2021

_____
LUCY H. KOH
United States District Judge